NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DOUGLAS NEARY, *Plaintiff/Appellant*,

*v.*

ARIZONA BOARD OF REGENTS, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0360

FILED 4-29-2021

Appeal from the Superior Court in Maricopa County
No. CV2017-013261
The Honorable Roger E. Brodman, Judge

**AFFIRMED**

COUNSEL

Manolio & Firestone, PLC, Scottsdale
By Veronica L. Manolio
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Deborah Garner, Daniel P. Schaack
*Counsel for Defendant/Appellee ABOR*

Gust Rosenfeld, PLC, Phoenix
By Charles W. Wirken, Barry M. Markson
*Counsel for Defendants/Appellees Lane and Lopez*

Bergin, Frakes, Smalley & Oberholtzer, PLLC, Phoenix
By Brian M. Bergin
*Counsel for Defendants/Appellees Blank, Woo, Bauer, Akerele-Ale*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1	Douglas Neary sued to recover money damages after an opposing rugby player, Christopher Crawford, kicked him in the face. Neary obtained a default judgment against Crawford, who is not a party to this appeal. Neary now challenges the superior court's entry of judgment for the Arizona Board of Regents ("ABOR"), two coaches, and five students. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2	Neary played rugby for the University of Arizona ("UofA") club rugby team. During a match against Arizona State University ("ASU"), Neary took advantage of a lull in play to tie his cleats. Crawford, who played for ASU, approached Neary as he knelt and kicked him in the face. Crawford's kick knocked Neary unconscious, caused a concussion, and broke multiple bones in Neary's face, requiring emergency surgery.

¶3	The original complaint alleged assault and negligence per se against Crawford and alleged negligence against an array of defendants related to the rugby programs. Neary filed multiple amended pleadings to name the correct parties. His second amended complaint alleged one count of negligence against: ABOR; ASU rugby coaches Gary Lane and Carlos Lopez (collectively "Coaches"); UofA rugby coach Sean Duffy; and ASU students Aaron Blank, Ethan Blank, Peter Akerele-Ale, Kevin Woo, and Kevin Bauer (collectively "Students").

¶4	Neary's claims against ABOR, Coaches, Students, and Duffy are rooted in Crawford's ineligibility to participate in ASU's club rugby program. ASU requires club sport participants to register through Sun Devil Fitness and an online platform, "DoSportsEasy." Crawford properly registered in 2014 while attending ASU, but he continued to play after disenrolling. When Crawford blindsided Neary, he was not registered for DoSportsEasy.

2

**¶5**   Neary's claims against ABOR, Coaches, Students, and Duffy asserted they owed and breached their duty to ensure match participants met all registration requirements. He further argued Crawford would not have attacked him but for these defendants' failure to police player eligibility because Crawford's ineligibility would have prevented him from participating in the match in the first place.

**¶6**   All defendants (except Crawford) separately moved for summary judgment, disputing the existence of any duty owed to Neary and asserting that none of their actions proximately caused Neary's injuries. Students, ABOR, and Duffy also argued that even if the court disagreed as to duty, the claim remained deficient because no breach occurred.

**¶7**   The superior court granted summary judgment for Duffy in January 2020, finding Duffy did owe a duty to the players he coached but that Neary failed to indicate how Duffy breached that duty. The court also ruled that Neary failed to establish causation. The superior court granted the remaining summary judgment motions two months later. The court found that the Coaches and Students owed Neary a duty because they maintained the ASU rugby rosters and could exclude ineligible players like Crawford. But the superior court found no such duty on ABOR's part because it did not exert control over the rosters. The court did not address whether a breach occurred, ruling instead that "Crawford's conduct was an intervening and superseding cause" of Neary's injuries. Duffy resolved all claims with Neary.

**¶8**   Neary timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶9**   We review the superior court's summary judgment ruling *de novo* and view the facts and inferences in the light most favorable to Neary. *See Lennar Corp. v. Transamerica Ins. Co.*, 227 Ariz. 238, 242, ¶ 7 (App. 2011). Neary argues on appeal that the superior court erred in finding he failed to establish causation, and in concluding ABOR owed no duty to Neary.

**¶10**   A negligence claim requires proof of four elements: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) breach of that standard; (3) a causal connection between the breach and the resulting injury; and (4) actual damages." *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563–64, ¶ 7 (2018). Because we affirm summary judgment on causation, we need not resolve whether ABOR owed Neary a duty.

**¶11**    The causation element requires a two-step analysis into whether the defendant's conduct was the actual cause and proximate cause of the plaintiff's injuries. *Dupray v. JAI Dining Servs. (Phx.), Inc.*, 245 Ariz. 578, 583, ¶ 17 (App. 2018).

**¶12**    Actual cause exists when the defendant's conduct contributes to a plaintiff's injuries, which "would not have occurred but for defendant's conduct." *See Ontiveros v. Borak*, 136 Ariz. 500, 505 (1983) (internal quotations omitted). Neary asserts "[t]here was absolutely no dispute in the trial court that cause-in-fact was established." This description of the superior court's findings misses the mark; the court focused its analysis on whether Crawford's conduct amounted to an intervening and superseding cause, breaking the causal chain.

**¶13**    "An event that contributes to the [plaintiff's] injuries is intervening if it has an independent origin for which the defendant is not responsible." *Dupray*, 245 Ariz. at 584, ¶ 17. "A superseding cause, sufficient to become the proximate cause of the final result and relieve defendant of liability for his original negligence, arises only when an intervening force was unforeseeable and may be described, with the benefit of hindsight, as extraordinary." *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990). A third person's criminal act is a superseding cause when the illegal conduct does not fall "within the recognizable risk that made the conduct negligent." *See Barrett v. Harris*, 207 Ariz. 374, 382, ¶ 28 (App. 2004); *see also Cent. Alarm of Tucson v. Ganem*, 116 Ariz. 74, 76–77 (App. 1977).

**¶14**    Crawford's actions occurred independently from any of the defendants' conduct. Neary argues that Crawford's kick is not a superseding cause because the defendants should have foreseen the assault. He specifically contends Crawford's kick was foreseeable because the enrollment and registration requirements are designed to ensure player safety. Player safety may be a general concern, but the eligibility requirements are meant to control who can represent ASU or UofA in club rugby — not act as a precautionary measure to inhibit attacks like Crawford's.

**¶15**    Neary asserts that one player kicking another is a foreseeable act inherent to the risks of rugby. We disagree the defendants should have foreseen Crawford's criminal assault simply because the rules contemplate some physically harmful acts. ASU Rugby subscribed to USA Rugby's regulations so players could participate in an organized collegiate activity. The rules are crafted to facilitate play by providing boundaries for acceptable (and unacceptable) behavior. Crawford's criminal assault falls

well beyond what the rules regulate. The assault occurred during a stoppage of play as Neary bent down to tie his cleat. Crawford approached Neary and intentionally kicked his face with maximum force. While some kicking is expected to occur during play, the rules do not anticipate such a severe attack. Crawford's maliciousness represents an extraordinary deviation from what one might expect to occur during a rugby match. We conclude Crawford's criminal assault was a superseding cause of Neary's injuries.

¶16        Neary also contends the superior court erred by granting summary judgment because proximate cause should be determined by the jury. "[W]hether proximate cause (and an intervening and superseding cause) exists is a question of fact for the jury; however, summary judgment . . . should be granted when the plaintiff's evidence fails to establish a non-speculative causal connection or when reasonable persons could not differ." *Torres v. Jai Dining Servs. (Phx.) Inc.*, 250 Ariz. 147, 151, ¶ 20 (App. 2020). In *Torres*, we determined a third party's conduct, which we concluded was an intervening and superseding cause, justified a directed verdict in the defendant's favor. *Id.* at 155, ¶ 33–34. Because intervening and superseding conduct similarly occurred here, the superior court did not err in granting summary judgment for the defendants.

## CONCLUSION

¶17        We affirm the superior court's entry of judgment. We grant the Coaches' request for costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA